```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
                           CAMDEN VICINAGE
```

|  |  |
|---|---|
| SHAROD THOMAS, | |
| Petitioner, | Civ. Action No. 16-3835 (RMB) |
| v. | **OPINION** |
| UNITED STATES OF AMERICA, | |
| Respondent | |

**BUMB, United States District Judge**

This matter comes before the Court upon Petitioner's amended motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. (Am. Mot. to Vacate, ECF No. 10.) For the reasons discussed below, the Court denies the motion.

I.  BACKGROUND

On June 26, 2013, Petitioner was indicted for possession of a firearm by a previously convicted felon, in violation of 18 U.S.C. § 922(g)(1) (count one), possession of a controlled dangerous substance with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (count two) and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A) (count three). United States v. Thomas, 12cr378(RMB) (D.N.J.) (Superseding Indictment, ECF No. 26). After

a jury trial, Petitioner was found guilty on all three counts. (Jury Verdict, ECF No. 52; Supplemental Jury Verdict, ECF No. 53.)

The United States Probation Office prepared a Presentence Investigation Report ("PSI")[1] indicating at least three drug convictions between February 1, 2001 and May 5, 2009 that qualified Petitioner as a career offender. (PSI dated November 13, 2014, ¶¶39-44.) At Petitioner's sentencing hearing on April 21, 2015, all agreed that Petitioner qualified as a career offender under U.S.S.G. § 4B1.1(a). (Sentencing Tr., ECF No. 91 at 5.) Petitioner's sentence was based on an offense level of 37, subjecting him to a guidelines range of 360-months to life imprisonment. (Id. at 6-7.)

The Court varied downward to an offense level of 33 and imposed a sentence of 120 months on count One, concurrent to 190 months on count Two, consecutive to 60 months on count Three, for a total 250-month term of imprisonment. (Id. at 41-42.) Petitioner appealed to the Third Circuit Court of Appeals, which affirmed the judgment of conviction on February 12, 2016. United States v. Thomas, 12cr378(RMB) (D.N.J.) (Judgment of USCA, ECF No. 95.)

---

[1] PSIs are confidential and are not placed on the Court's public docket. See United States v. Blanco, 884 F.2d 1577, 1578 (3d Cir. 1989) ("[t]here is a general presumption that the courts will not grant third parties access to the presentence reports of other individuals.")

On June 28, 2016, Petitioner filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, citing the Supreme Court decisions of United States v. Johnson, 135 S. Ct. 2551 and Welch v. United States, 136 S. Ct. 1257 (2016). (Mot. to Vacate, ECF No. 1.) On September 16, 2016, the Court granted a stay of proceedings pursuant to Standing Order 16-2. (Order, ECF No. 3.) On May 17, 2017, the Court reopened this matter and ordered Respondent to file an answer to the motion. (Order, ECF No. 4.) On December 26, 2017, Petitioner filed an amended motion under 28 U.S.C. § 2255, presently before the Court. (Am. Mot. to Vacate, ECF No. 10.) Respondent filed an answer to the amended motion. (Answer, ECF No. 15.)

II. DISCUSSION

> A. The Amended Motion to Vacate, Set Aside or Correct Sentence Under 28 U.S.C. § 2255

Petitioner relies on the following cases in concluding that the prior convictions used to enhance his sentence under U.S.S.G. § 4B1.1(2)(a) and (2)(b) no longer qualify and he should be resentenced accordingly: Johnson, 135 S. Ct. 2551); United States v. O'Connor, 874 F.3d 1147 (10th Cir. 2017); Sessions v. Dimaya, 138 S. Ct. 1204 (2018); Mathis v. United States, 136 S. Ct. 2243 (2016); and United States v. Williams, 396 F. App'x 951, 953 (4th Cir. 2010). Petitioner further asserts that he should be

resentenced pursuant to Dean v. United States, 137 S. Ct. 1170 (2017).

B. Respondent's Answer

Respondent notes that Petitioner's argument primarily centers on decisions that invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B) and altered the definition of "crime of violence," but Petitioner qualified as a career offender based solely on this prior controlled substance offenses under U.S.S.G. § 4B1.1(a), (c)(2)(A), (c)(2)(B), and (c)(3), which are unaffected by the recent decisions cited by Petitioner.

Petitioner also seeks relief pursuant to Dean, 137 S. Ct. 1170 (2017), which expanded the range of sentencing a court may consider. Respondent, however, contends that Dean did not fashion a new substantive rule of constitutional law, and thus, does not apply retroactively. Petitioner's sentence was imposed on April 21, 2015, prior to the decision in Dean.

C. Analysis

The career offender sentencing guideline in effect when Petitioner was sentenced in April 2015, U.S.S.G. § 4B1.1 provided:

> §4B1.1 Career Offender
>
> (a) A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is

>   either a crime of violence or a controlled
>   substance offense; and (3) the defendant has
>   at least two prior felony convictions of
>   either a crime of violence or a controlled
>   substance offense.

2014 Federal Sentencing Guidelines Manual (effective November 1, 2014).[2]

U.S.S.G. § 4B1.2(b) defined "controlled substance offense:"

>   (b) The term "controlled substance offense"
>   means an offense under federal or state law,
>   punishable by imprisonment for a term
>   exceeding one year, that prohibits the
>   manufacture, import, export, distribution, or
>   dispensing of a controlled substance (or a
>   counterfeit substance) with intent to
>   manufacture, import, export, distribute or
>   dispense.

Id.

At least three of Petitioner's five controlled substance offense convictions between February 1, 2001 and May 5, 2009, identified in Petitioner's PSI, met the above definition.[3]

None of the cases cited by Petitioner invalidate his prior drug offenses as qualifying under the career offender guidelines,

---

[2] Available at https://www.ussc.gov/guidelines/guidelines-archive/2014-federal-sentencing-guidelines-manual.

[3] Petitioner's PSI indicates that Petitioner was sentenced in Essex County New Jersey: (1) on August 1, 2002, to a five-year term of imprisonment for, among other offenses, possession of CDS with intent to distribute; (2) on January 27, 2003, to a four-year term of imprisonment for possession of CDS with intent to distribute within 1,000 feet of a school; (3) on June 4, 2010 to a three-year term of imprisonment for distribution of CDS in a school zone. (PSI dated November 13, 2014, ¶ ¶39, 40, 43.)

§ 4B1.1(a) and § 4B1.2(b). In Johnson, the Supreme Court held the "residual clause" of 18 § U.S.C. 924(e)(2)(B)(ii), defining a "violent felony" was unconstitutionally vague. 135 S. Ct. at 2557. The Supreme Court in Dimaya held that the residual clause under the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(F), defining a "crime of violence," was likewise void for vagueness. Sessions v. Dimaya, 138 S. Ct. at 1213-15.

In O'Connor, the Tenth Circuit Court of Appeals held that when applying the categorical approach to determine whether a prior conviction was a "crime of violence" under U.S.S.G. § 4B1.2(a), if the statute for the prior conviction swept more broadly than the definition of crime of violence in § 4B1.2(a), then the conviction did not qualify under the career offender guideline. 874 F.3d at 1151. Similarly, in Mathis, the Supreme Court held that under the ACCA, where the breadth of the crime of conviction was greater than the generic form of the offense, the predicate offense did not qualify under the categorical approach as a violent felony for sentence enhancement. 136 S. Ct. at 2251.

In United States v. Williams, the Fourth Circuit Court of Appeals, applying the categorical approach to determining whether a conviction was eligible under the ACCA for a sentence enhancement, held that "'under no circumstance is a violation of South Carolina's blue light statute a violent felony under the ACCA.'" 396 F. App'x at 953 (quoting U.S. v. Rivers, 595 F.3d 558,

559 (4th Cir. 2010). Most recently, the Supreme Court in <u>United States v. Davis</u>, held that the residual clause of 18 U.S.C. § 924(c), defining crime of violence, was unconstitutionally vague and, thus, could not be used to enhance a sentence for anyone who used a firearm in connection with certain other federal crimes. 139 S. Ct. 2319 (2019). None of these recent decisions affect the determination that Petitioner's prior drug convictions are "controlled substance offenses" under the career offender guideline.

Petitioner's reliance on <u>Dean</u> for resentencing also fails. In <u>Dean</u>, the defendant was convicted of possession of a firearm in connection with a violent or drug trafficking crime in violation of 18 U.S.C. § 924(c). 137 S. Ct. at 1174. Section 924(c) carried a mandatory 60-month term of incarceration, which was required to run consecutive to the term imposed on the underlying charge. The sentencing court stated that it did not have the ability to consider the mandatory minimum consecutive time in calculating the sentence for the predicate crime. <u>Id.</u>

The Supreme Court held that nothing in § 924(c) affected "a court's discretion to consider a mandatory minimum when calculating each individual sentence." <u>Id.</u> at 1177. <u>Dean</u> was decided on April 2, 2017. Therefore, unless it is retroactively applicable, it does not apply to Petitioner, who was sentenced on April 21, 2015.

7

A new substantive rule of constitutional law generally applies retroactively. Welch v. United States, 136 S. Ct. 1257, 1264 (2016) (citing Schriro v. Summerlin, 542 U.S. 348, 351 (2004)). The rule announced in Johnson, 136 S. Ct. 1257, was a substantive rule because it "changed the substantive reach of the Armed Career Criminal Act, altering 'the range of conduct or the class of persons that the [Act] punishes.'" Id. at 1265 (quoting Schriro, 524 U.S. at 353)). Additionally, "new 'watershed rules of criminal procedure' which are procedural rules 'implicating the fundamental fairness and accuracy of the criminal proceeding,' will also have retroactive effect." Id. at 1264 (quoting Saffle v. Parks, 494 U.S. 484, 495 (1990)). To the contrary, new constitutional rules of criminal procedure generally are not retroactively applied. Id. (citing Teague v. Lane, 489 U.S. 288, 310 (1989)). Procedural rules

> "regulate only the *manner of determining* the defendant's culpability." Schriro, 542 U.S., at 353, 124 S. Ct. 2519. Such rules alter, "the range of permissible methods for determining whether a defendant's conduct is punishable." Ibid. "They do not produce a class of persons convicted of conduct the law does not make criminal, but merely raise the possibility that someone convicted with use of the invalidated procedure might have been acquitted otherwise." Id. at 352, 124 S. Ct. 2519.

Id. at 1265.

The rule announced in Dean is procedural because it merely instructs sentencing courts on their ability to exercise discretion on multiple sentences when a § 924(c) sentence is required. See Garcia v. United States, 923 F.3d 1242, 1246-47 (9th Cir. 2019) (finding that Dean's rule is statutory not constitutional; the Supreme Court did not explicitly make it retroactively applicable; and it does not prohibit or restrict sentences but states only that a sentencing court may consider the separate mandatory minimum required by § 924(c) when sentencing a defendant for the predicate offense); In re Dockery, 869 F.3d 356 (5th Cir. 2017) (finding the defendant failed to show that Dean announced a new rule of constitutional law made retroactive on collateral review) (per curiam); Habeck v. United States, 741 F. App'x 953 (4th Cir. 2018) (finding Dean has not been held to apply retroactively). Petitioner is not entitled to resentencing pursuant to Dean.[4]

III. CERTIFICATE OF APPEALABILITY

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. 28 U.S.C. § 2253(c)(1)(B). A

---

[4] Even if Dean was retroactively applicable, the Court made clear at sentencing that it arrived at Petitioner's total sentence, including the § 924(c) conviction, using its discretion under the § 3553 factors, which is consistent with Dean. United States v. Thomas, 12cr378(RMB) (D.N.J.) (Sentencing Tr. ECF No. 91 at 38-42.)

certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockerell, 537 U.S. 322, 327 (2003).

Jurists of reason could not disagree with this Court's resolution of Petitioner's challenge to his sentence as a career offender. Therefore, the Court will deny a certificate of appealability.

IV. CONCLUSION

For the reasons discussed above, Petitioner's amended motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 is denied, and a certificate of appealability shall not issue. An appropriate Order follows.


Dated: August 14, 2019

                                       s/Renée Marie Bumb
                                       **RENÉE MARIE BUMB**
                                       **United States District Judge**